UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
|  | ) |
| v. | ) CASE NO: 1:25-MJ-00173 |
|  | ) |
| **DIMITRIOS VASTAKIS**, | ) |
|  | ) |
| DEFENDANT. | ) |

**MOTION TO STRIKE OPPOSITION BRIEFS
FOR RELIANCE ON EVIDENCE OBTAINED AFTER UNLAWFUL SEARCH
TO JUSTIFY BASIS FOR SUMMONS, SEARCH, AND ADMISSIBILITY**

In response to the defendant's pretrial motions challenging the legality of the summons and search, and seeking to suppress and exclude unlawfully obtained evidence (*see* ECF Nos. 9, 10, 11), the Government submitted opposition briefs (ECF Nos. 19, 20, 21) that improperly incorporate facts derived from the unconstitutional search of the defendant's medical records. Specifically, the Government relied on information learned only after executing an unlawful subpoena for the defendant's hospital records and misleadingly presented that information in its factual narrative as if it had been known to law enforcement prior to the challenged conduct.

In ECF No. 19, 20, and 21, the Government included the following *line* and *paragraph* in the facts section that the defense seeks to strike:

> *The PA noted that the Defendant was slurring his speech…*
>
> *At some point during Defendant's hospital visit, he told his treating PA that he shared a bottle of wine at dinner earlier that evening, contradicting his statement to Officer Vono that he had "zero" alcoholic drinks. This PA is who ordered a blood draw to assess the*

> *Defendant's medical condition for purposes of treatment. Because the Defendant asserted that he had lost consciousness and did not remember anything between getting into his car and waking up after the crash, the PA determined that a blood draw and certain tests were necessary. One such test that the PA determined was necessary was a blood alcohol test. The results of this test are what the Defendant seeks to suppress.*

This was evidence the Government learned ***after*** reviewing the defendant's medical records that were received in response to the prosecutor's subpoena. This was not information known to the prosecutor at the time the subpoena was issued. Instead, this information was learned by the prosecutor on April 28, 2025, in preparation for trial, half a year later, and based on her deliberate investigation of the information she learned in Mr. Vastakis' medical records. The Government cannot rely on these facts as a basis on which to hinge probable cause for any of the issues raised by the defense.

The Government's reliance on this *post hoc* evidence to justify earlier investigative actions or to establish probable cause retroactively is both improper and constitutionally infirm. The fruits of an unconstitutional search cannot be used to justify the search itself. *See Wong Sun v. United States*, 371 U.S. 471 (1963). The Government's use of the unlawfully obtained hospital records in its factual narrative to imply knowledge and justification that did not exist at the relevant time is misleading and prejudicial. *See Silverthorne Lumber Co. v. United States*, 251 U.S. 385 (1920).

The core issue raised in the defense motions is whether the Government had sufficient legal grounds to pursue its investigatory actions at the time those actions occurred—not after the fact. To allow the Government to defend constitutional violations using evidence it acquired only as a direct result of those very violations would render the Fourth Amendment meaningless. This

form of circular justification—where the Government uses the fruit of the poisonous tree to retroactively validate poisoning the tree—must be rejected by this court.

In addition, the Government's briefs rely on a newly recalled statement from Officer Vono—asserting that he smelled an odor of alcohol in the ambulance—that was communicated to the prosecutor on April 29, 2025. This information was not known to the Government at the time the subpoena was issued and similarly must be struck. *See* ECF No. 13. The specific sentence that the defense moves to strike from ECF Nos. 19, 20, 21 is: "*Officer Vono then noticed a strong odor of alcohol.*"

The defense hereby moves to strike the Government's use of the *post hoc* facts discussed herein. The evidence in dispute was either (a) obtained after thesearch, (b) directly derived from the unconstitutional search itself, or (c) both. For any or all of these reasons, the Government's brief should be struck and the Government should be required to refile its opposition briefs excluding any and all evidence learned *post hoc.* The Government should further be required to audit their opposition briefs to remove any additional evidence the Government did not have prior to making the decisions which are the subject of the defense motions.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
277 S Washington St | Ste 210
Alexandria, Virginia 22314
Phone: (703) 870-3300

Email: Marina@MedvinLaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on May 8, 2025 , I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/
Marina Medvin, Esq.